UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

        PLAINTIFF,

v.                                          CRIMINAL ACTION NO. 5:17-cr-212

WILLIAM JAMES SPRINGER,

        DEFENDANT.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant William James Springer's *pro se* Motion for Extension of Time to File 2255 Motion [Doc. 68], filed January 19, 2021.

### I.

On April 12, 2018, Mr. Springer pled guilty to distributing a quantity of oxymorphone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). He was then sentenced to ninety-six (96) months imprisonment, to be followed by five (5) years of supervised release. On October 15, 2019, our Court of Appeals affirmed Mr. Springer's conviction by unpublished per curiam opinion. *United States v. Springer*, 790 F. App'x 498 (4th Cir. 2019). On February 24, 2020, the United States Supreme Court denied his petition for a writ of certiorari. *Springer v. United States*, 140 S.Ct. 1232 (2020). Mr. Springer now moves for a ninety (90) day extension to file his Section 2255 Motion inasmuch as the "Covid-19 lock downs" at his place of incarceration have limited his ability to access the law library. [Doc. 68].

## II.

Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which begins to run from the latest of one of four specified occurrences. 28 U.S.C. § 2255(f). Of the four occurrences, the only one relevant here is the first: "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment of conviction is deemed final "for purposes of the one-year period of limitation . . . when the Supreme Court denies certiorari after a prisoner's direct appeal." *United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) (explaining "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Here, Mr. Springer's conviction became final on February 24, 2020, when the United States Supreme Court denied his petition for a writ of certiorari. Mr. Springer thus has until February 24, 2021, to timely file a Section 2255 motion.

As noted, Mr. Springer requests a ninety (90) day extension to file his § 2255 motion; however, the Court is without jurisdiction to grant Mr. Springer's request. Indeed, a court may rule on a motion for an extension of time to file a § 2255 motion only if the request (1) is simultaneously filed with or after the § 2255 petition, or (2) can be construed as the petition itself. *See Ramirez v. United States*, 461 F. Supp. 2d 439, 441 (E.D. Va. 2006); *United States v. Harris*, 304 F. App'x 223 (4th Cir. 2008) (per curiam) ("Because [petitioner] has not filed a § 2255 motion and his motion for an extension of time to file did not raise any potential grounds for relief, the district court lacked jurisdiction to consider the motion."); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007) (per curiam). Inasmuch as Mr. Springer has not yet filed a § 2255 motion,

nor does his extension request raise any potential grounds for relief, the Court lacks jurisdiction to consider his motion for an extension.

### III.

Accordingly, the Court **DENIES** Mr. Springer's Motion for Extension of Time to File 2255 Motion. **[Doc. 68]**. To the extent Mr. Springer wishes to pursue postconviction relief, he may file a motion before the deadline, with the request to supplement the same at a later time.

The Clerk is directed to send a copy of this written opinion and order to the Defendant, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED: February 11, 2021



Frank W. Volk
United States District Judge