UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

    PLAINTIFF,

v.                                              CRIMINAL ACTION NO. 5:17-cr-212

WILLIAM JAMES SPRINGER,

    DEFENDANT.

### MEMORANDUM OPINION AND ORDER

Pending is Defendant William James Springer's *pro se* Motion for Modification or Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed June 14, 2021. [Doc. 74].

**I.**

On July 18, 2018, following his guilty plea to a single count of distribution of oxymorphone, Mr. Springer was sentenced to ninety-six months imprisonment, followed by a five-year term of supervised release. [Doc. 45]. At Mr. Springer's sentencing, the Court applied a two-level sentencing enhancement for possession of a firearm and a two-level enhancement for his leadership role in the criminal activity. Our Court of Appeals affirmed his conviction on October 15, 2019.[1] [Doc. 57].

---

[1] The Court notes that Mr. Springer's appeal was based on his assertion that the two-level enhancement for possession of a firearm was improperly applied at his sentencing, – one of the same contentions he asserts herein – which was rejected by our Court of Appeals. *See* [Doc. 57].

Following the denial of his first Motion for Compassionate Release for failure to exhaust, Mr. Springer filed a second Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i) on August 31, 2020. [Doc. 66]. In support, Mr. Springer relied on his "preexisting conditions of hyperextension [sic], chemistry problem (kidney creatinine is high), and hematology that increase[s] [his] susceptibility of contracting the virus and the mortality rate associated with the virus." [*Id*. at 5]. Mr. Springer provided documentation of exhaustion of his administrative remedies and his applicable medical records. [Doc. 66, 66-1].

On September 8, 2021, the Court denied Mr. Springer's Motion after careful consideration of 18 U.S.C. § 3582 and the factors set forth in 18 U.S.C. § 3553(a). [Doc. 67]. The Court concluded Mr. Springer's medical records evidenced he was receiving the necessary medical treatment for his conditions without issue; thus, his asserted conditions were not sufficiently serious to warrant release. [*Id.*]. The Court further concluded that none of the applicable § 3553(a) factors weighed in favor of Mr. Springer's release. [*Id*].

On June 14, 2021, Mr. Springer filed the instant Motion pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i). [Doc 74]. Mr. Springer requests a modification of his sentence based on the inapplicable sentencing enhancements applied at his sentencing. [*Id*]. Specifically, he contends a "miscarriage of justice" occurred when the Court enhanced his sentence by a total of four points for possession of a firearm and his leadership role in the criminal activity. [*Id*. at 5]. Mr. Springer asserts both enhancements are unlawful inasmuch as the firearm was possessed by another defendant in a separate offense, and his alleged leadership role was inapplicable to his offense of conviction. [*Id.* at 3-4]. Additionally, Mr. Springer requests that the Court reconsider its ruling on his August 31, 2021, Motion for Compassionate Release. [*Id.* at 6].

## II.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) and now allows an incarcerated person to move the court for compassionate release. Specifically, "[t]he First Step Act removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 271 (4th Cir. 2020). The defendant must first exhaust the administrative process established by the Bureau of Prisons or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must: (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). When analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). Our Court of Appeals determined that district courts may take a more individualized approach regarding whether "extraordinary and compelling" reasons are established. *McCoy*, 981 F.3d at 286. As of the date of this writing, the United States Sentencing Commission has not yet amended U.S.S.G. § 1B1.13 to address motions filed by defendants. *See United States v. Vaughn*, Criminal Action No. 5:08-00266, 2021 WL 136172, at *2 (S.D. W. Va. Jan. 13, 2021) (quoting *McCoy*, 981 F.3d at 282–83).

While a motion made pursuant to 18 U.S.C. § 3582(c)(1)(A) permits a court to review a case for "extraordinary and compelling reasons warranting compassionate release, it does not replace the established mechanism for challenging the validity of a sentence. Nor does it allow the defendant to make arguments that were, or could have been, raised in direct appeal or collateral

review." *United States v. Ferguson*, No. 3:04CR13-01, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021) (referencing *United States v. Mattice*, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. Oct. 7, 2020); *United States v. Sargent*, No. 20-5508, 2020 WL 6589004, at *2 (6th Cir. Sept. 30, 2020)).

### III.

At the outset, the Court concludes that Mr. Springer seeks a modification of his sentence based on contentions that attack the validity of the same. Mr. Springer avers errors were made at his sentencing regarding the two-level enhancements he received for possessing a firearm and his leadership role in the criminal activity. Even though 18 U.S.C. § 3582(c)(1)(A) provides courts a wide latitude in determining whether extraordinary and compelling reasons exist, the statute "does not authorize relief for alleged errors at . . . sentencing" in the manner Mr. Springer asserts them here. *Ferguson*, No. 3:04CR13-01, 2021 WL 1701918, at *4.

Instead, Mr. Springer is essentially filing a second 28 U.S.C. § 2255 motion, despite having an identical § 2255 motion based on the same grounds presently pending before the Honorable Dwayne L. Tinsley, United States Magistrate Judge. *See* [Doc. 70]. It is well-established that "[a]ny challenges to a criminal judgment after the appellate process is complete . . . may generally be brought only pursuant to a specific authorization for collateral review, such as 28 U.S.C. § 2255." *United States v. Hartwell*, 448 F.3d 707, 714-15 (4th Cir. 2006); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Such a "principle is not altered merely because a defendant has put all of those challenges in a pleading labeled as one for compassionate release for the label does not control." *Ferguson*, No. 3:04CR13-01, 2021 WL 1701918, at *4 (citing *United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)). Mr. Springer's pending § 2255 Motion thus lends itself to be the proper

4

mechanism in which to have his contentions addressed. Accordingly, the Court concludes Mr. Springer's assertions are insufficient to establish extraordinary and compelling reasons warranting release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and the applicable § 3553(a) factors support his continued incarceration.

Insofar as Mr. Springer requests reconsideration of the denial of his previous Compassionate Release Motion based on his medical conditions and the COVID-19 pandemic [Doc. 66], the Court declines to revisit its previous ruling. Mr. Springer has failed to direct the Court to any change in circumstance that would warrant such a reconsideration.

## IV.

Based on the foregoing, the Court **DENIES** Mr. Springer's Motion for Modification or Reduction in Sentence Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i). [**Doc. 74**].

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED: July 26, 2021

Frank W. Volk
United States District Judge